IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| **VONDA SYLER, OAKLEA PHILLIPS,** § <br> **and B.L. LEWIS, III, Heirs at Law of** § <br> **B.L. Lewis, Deceased** § <br>                          **Plaintiffs** § <br>                           § <br> **v.**  § <br>     § <br> **MSM, INC., D/B/A/ MERCURY**  § <br> **COMMUNICATIONS COMPANY** § <br>                          **Defendant** § | Civil Action No. 4:10-cv-04044-HFB |

### **JUDGMENT**

    NOW COMES before the Court the Motion for Default Judgment of the PLAINTIFFS, VONDA SYLER, OAKLEA PHILLIPS, and B.L, LEWIS., III, the heirs at law of B.L. Lewis, now deceased, who was previously the Plaintiff and Judgment Creditor, in Cause No. 01-1034 in The United States District Court, for the Western District of Arkansas, El Dorado Division, by and through their attorney, David J. Potter, and upon the verified COMPLAINT ON JUDGMENT AGAINST MSM, INC., filed by the Plaintiffs, the documents on file in this case, including the return of service (doc. 3) filed on April 13 reflecting service upon the Defendant's agent for service in Jackson, Mississippi on April 8, 2010, for which an Answer or other responsive pleading was due on April 29, 2010, and it appearing that no answer or other responsive pleading has been filed by or on behalf of the Defendant, the COURT FINDS:

### A.  **PARTIES.**

l.    The Plaintiffs Vonda Syler and Oaklea Phillips are citizens of Arkansas; Plaintiff B. L. Lewis III is a resident of Texas.   Plaintiffs are the heirs-at-law of B.L. Lewis, a resident at the time of his

death of El Dorado, Union County, Arkansas and was a resident thereof at the time of the judgment entered in this court in Cause No. 01-1034 upon which this action is brought.  No probate has been opened for the estate of B. L. Lewis, and Plaintiffs do not anticipate that an estate will be opened.  Judgment was entered in this court against MSM, Inc., d/b/a Mercury Communications Company, in this court  and is currently a valid, subsisting and outstanding judgment.

2.   The Defendant is a Mississippi corporation and was at the time of the judgment.  It has forfeited its right to do business in Arkansas at the time of the filing of this suit.

## B. JURISDICTION.

3.   This Court has jurisdiction under 28 U.S.C. § 1332 because the Plaintiffs are citizens of Arkansas and Texas and the Defendant is a resident of states other than Arkansas and Texas, specifically Mississippi, and therefore complete diversity of citizenship exists. Plaintiffs' claim exceeds $75,000.  Furthermore, and in addition thereto, court has continuing jurisdiction for the purpose of renewing the judgment of this court in favor of the Plaintiffs pursuant to the substantive law of the state of Arkansas.

## C. VENUE.

4.   Venue is proper in this District under 28 U.S.C. § 1391( a)(2) because a substantial part of the events giving rise to the claims occurred in this district, specifically the judgment at issue was granted by this court in this district.

## D. FACTS.

5.   The judgment giving rise to this Complaint was rendered by this court against Defendant MSM, Inc. in Cause No. 0l-1034 in The United  States District Court for the Western District of Arkansas, El Dorado Division.  This suit is necessary for the renewal of said judgment in favor of

the Plaintiffs.

6. Said judgment is a valid, subsisting and outstanding judgment. This suit to renew the Judgment has been filed withing the 10 year statutory life of the original judgment. The original judgment was entered by this court on May 2, 2002 ( Doc. 50 in Cause No. 0l-1034 ), and modified to include pre-judgment interest, post-judgment interest pursuant to 28 U.S.C. 1961 and costs of court on August 28, 2002 ( Doc. 71 in said proceeding). The judgment of this court was confirmed by a Judgment of the United States Court of Appeals, Eighth Circuit, in Cause Number 02-2516 on May 27, 2003 and filed of record in this Court in Cause Number 01-1034 on June 23, 2003.

7. The amount of the outstanding balance on the existing judgment in cause number 01-1034 in this court at the time of this judgment, including pre-judgment and post-judgment interest and costs, is THREE HUNDRED FIFTY THOUSAND FOUR HUNDRED TWENTY TWO DOLLARS AND EIGHT CENTS. [$350,422.08]. The calculations are as follows:

Judgment Award Amounts:

| | | |
|---|---:|---:|
| Breach of Contract | $ | 2,500.00 |
| Tortious Interference with Employment | | 35,000.00 |
| Punitive (Exemplary) Damages | | 250,000.00 |
| Pre-judgment Interest on Breach of Contract Damages | | |
| @ 6% per annum from May 21, 1993 to judgment date | | 1,709.84 |
| Court Costs | | 200.00 |
| Total of Judgment as of May 2, 2002 | | $ 289,409.84 |
| | | |
| Post-Judgment Interest: @ 2.42% per annum | | |
| May 2, 2002 to May 2, 2003 | | 7003.72 |
| Annual Balance Fwd. | | $ 296,413.56 |
| May 2, 2003 to May 2, 2004 | | 7,173.21 |
| Annual Balance Fwd. | | $ 303,586.77 |
| May 2, 2004 to May 2, 2005 | | 7.346.80 |
| Annual Balance Fwd. | | $ 310.933.57 |
| May 2, 2005 to May 2, 2006 | | 7,524.59 |
| Annual Balance Fwd. | | $ 318.458.16 |

3

|  |  |
|---|---|
| May 2, 2006 to May 2, 2007 | 7,706.69 |
| Annual Balance Fwd. | $ 326,164.85 |
| May 2, 2007 to May 2, 2008 | 7,893.19 |
| Annual Balance Fwd. | $ 334,058.03 |
| May 2, 2008 to May 2, 2009 | 8,084.20 |
| Annual Balance Fwd. | $ 342,142.24 |
| May 2, 2009 to May 20, 2010 | 8,279.84 |
| Annual Balance Fwd. | $ 350,422.08 |

From May 2, 2010, the anniversary date of the original judgment, interest will accrue at the rate of $8,480.21 per year; or $23.23 per diem.

8.     Arkansas law permits a judgment creditor to renew or revive a judgment within ten years of the date of rendition by any of three means, to wit: (1) filing a motion for a writ of *scire facias* pursuant to Arkansas Code Annotated section 16-65-501 (2007); (2) at common law by taking any action on the judgment such as issuing an execution, or garnishment; and (3) by filing a suit on the judgment for a new judgment in a separate case. *Agribank v. Holland*, 71 Ark. App. 159, 27 S.W.3d 462 (2000). A judgment in Arkansas is valid for ten years after rendition, *see* A.C.A. § 16-56-114 (2007).

9.     There have been no payments or credits against the judgment. Plaintiffs are entitled to a judgment in their names as heirs at law of B. L. Lewis in the amount of the original judgment, as amended, plus all accrued interest as set forth above and costs of these proceedings.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Judgment be and it is hereby GRANTED to the Plaintiffs, Vonda Syler, Oaklea Phillips, and B.L. Lewis, III against the Defendant, MSM, Inc., d/b/a Mercury Communications Company, in the amount of $350,422.08 as of May 2, 2010, in renewal of and in substitution for the Judgment previously granted in favor of B. L. Lewis in Cause Number 01-1034 in this court, for post judgment interest at the continuing rate of 2.42 % per annum, to compound on the anniversary date of the original judgment, namely May

2, 2002, for costs of court herein expended, for all of which execution may issue.

 IT IS SO ORDERED, this 13th day of September, 2010.

               /s/ Harry F. Barnes
               Hon. Harry F. Barnes
               United States District Judge